Yazoo & Mississippi Valley Railroad Company v. Rosa
Bruce et al.

[54 South. 241.]

Instructions. *Limiting defenses.*

An instruction for plaintiff which eliminates, one of the defenses
set up by defendant in his pleadings and supported by evidence is
reversible error.

Appeal from the circuit court of Coahoma county.
Hon. Sam C. Cook, Judge.

Suit by Rosa Bruce et al. against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are sufficiently stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

The ninth instruction instructs the jury that the only defense which the railroad company in this case has presented to relieve itself from liability on account of the death of the deceased, William Owen, is the contributory negligence of said deceased. And then the court proceeds to instruct the jury on what it conceives to be the obligation of the defendant in the making out of that defense.

This instruction is untrue. Contributory negligence was not the only defense presented by the railroad company. The instruction contains an explicit misstatement of the record.

In the first place, the defendant had pleaded not guilty. In the second place, the defendant had produced before the jury the testimony of various witnesses, as we have pointed out in the abstract, the effect of which testimony

was to show that the train was being operated with due
care; in brief, that the engine was in good order, that
the engineer was an expert engineer and a safe man;
that the fireman was on the lookout, as he should have
been; that the engineer was on the lookout as he should
have been; that the train was running at a rate of speed
not exceeding ten miles an hour; that the place did not
have a population under the law sufficient to constitute
it even a village (in fact there was no pretense that it
was incorporated); that the bell was rung continuously;
that the headlight was in good order and burning; and
also classification lights were displayed.

Now all of this evidence so offered by the railroad com-
pany might have been true or it might have been false;
it might have been good or it might have been bad; the
jury may have been justified in disregarding it, or it
may not; but in any case it was in there, and the court
had no right to tell the jury that the only question before
it was the question of contributory negligence. This was
not true. The other question of the company's negli-
gence had been presented both by the pleadings and the
evidence.

In addition to which, this charge also is a charge on
the weight of the evidence. It cannot possibly mean any-
thing else. It could only be taken to mean that the rail-
road company had so plainly broken down on its effort
to show a careful handling of the train that its evidence
could not even be considered by the jury.

Clearly, for the vice in this instruction, if for no other,
the verdict in this case should be set aside and the judg-
ment reversed.

*J. W. Cutrer*, for appellee.

The facts are undisputed:

The conductor did not know the location or existence of
the crossing.

The flagman and brakeman did not testify.

The engineer did not know the crossing existed.

Pretermitting the established fact that the statutory signals were not given as the crossing was approached.

The fact is: The conductor did not keep any lookout. The conductor did not require his flagman and brakeman, nor any of them to keep a lookout.

The engineer did not keep an attentive and vigilant lookout.

The fireman did not keep any lookout.

The conductor and the engineer and the fireman admittedly struck the deceased and dragged him to his death a distance of six hundred and fifty-nine feet, in spite of the cries of the deceased, which it is undisputed he uttered, and which the trainmen should have heard.

On that state of the case in the court below, could the appellant have hoped to escape liability except upon the defense it presented and pressed, of the contributory negligence of the deceased?

That would seem to have been its only and last alternative there, and is its last here.

It was, therefore, proper to charge the jury concerning such a defense, and to leave the determination of its existence to the jury, after a full consideration of all the facts in the case.

It will be observed that the instruction complained of does not say that the defense of contributory negligence is the only defense raised by the pleadings in the case; nor that all the defenses of which the appellant might avail itself under the pleadings are cut out and denied to the appellant; nor that in the consideration of the case, all the evidence concerning liability should be excluded save that bearing upon the question of contributory negligence; nor that the jury could not consider any other defense which might arise out of the evidence save only the defense of contributory negligence. On the contrary, all the evidence was before the jury, and the jury were

properly instructed in many other of the instructions as to all of the defenses raised by the pleadings in the case.

The instructions for the appellee submitted all questions of fact upon all the issues under the pleadings to the determination of the jury. The instructions for the appellant in like manner, strongly called the attention of the jury to all the issues of fact upon which they were called to pass, under the pleadings in the case, although it is a fact that on the determination of the pivotal point of contributory negligence, the question of the liability or non-liability of the appellant must rest, when the facts presented by this record are submitted to a close, clear and impartial examination and analysis.

Argued orally by *J. C. Longstreet,* for appellant and *J. W. Cutrer,* for appellee.

Smith, J., delivered the opinion of the court.

This suit was instituted in the court below by appellees to recover of appellant damages for the death of their father, William Owen, who, while attempting to cross appellant's railroad track at a public road crossing, was struck and killed by an engine attached to, and drawing, one of the appellant's trains. To the declaration filed in the court below, appellant pleaded "not guilty," and also gave notice that it would introduce evidence tending to show contributory negligence on the part of Mr. Owen. On the trial of the cause there was evidence tending to show that Mr. Owen's death was not caused by any negligence on the part of appellant's employes in charge of the train, and there was also evidence tending to show that his own negligence contributed to his being struck and killed by the train.

At the request of appellees the court instructed the jury as follows: "The court instructs the jury that the only defense which the railroad company in this case has presented to relieve itself from liability on account of

the death of the deceased, William Owen, is the contributory negligence of the said deceased. That such a defense is an affirmative defense, and the burden of proof under the law is imposed upon the defendant to sustain and make out such defense by a clear preponderance of the evidence, and if the defendant has failed to make out its case by such preponderance of the evidence, or if the evidence upon that point is evenly balanced, then it is the duty of the jury to return a verdict for the plaintiffs.'' This instruction eliminated from the consideration of the jury appellant's defense, that its employes had exercised due care on the occasion in question, and consequently the granting thereof was fatal error.

*Reversed and remanded.*